McFaelaND, J.,
delivered the opinion of the court:
This was a conviction for mayhem. The decree shows that in impaneling the jury, three of the jurors, in answer to the usual questions, said that they had formed opinions as to the guilt of the prisoner; that these opinions were fixed, though formed on rumor alone, without hearing the facts from the witnesses. Two of the jurors said it would require proof to remove their opinions. The court held them competent jurors. The defendant excepted and exhausted his peremptory challenge.
There are several cases holding that opinions formed upon rumor alone do not disqualify a juror. That such opinions are not to be regarded as fixed and rational opinions, but “a mere impression, which will present no obstruction to the force of evidence and power of truth.” Alfred and Anthony v. The State, 2 Swan, 581; Moses v. The State, 11 Hum. [232]; Payne v. The State, 3 Hum. [375.]
Where it appears to the court that the proposed juror has a mere impression of this sort from rumor, and that he can divest himself of this impression and give defendant a fair trial, according to the evidence, the juror may properly be held competent.
Put we have recently held that although the opinion be formed upon rumor and not upon hearing the facts detailed, yet if the juror says that, nevertheless, his opinion is so fixed that it would require proof to remove it, he is not impartial. It is the fact that such opinion or prejudice exists in the juror’s mind that disqualifies him, and not the question whether such opinion is founded upon rational grounds. An irrational and unfounded prejudice may be as prejudicial to a fair trial as an opinion founded upon better evidence; and where a juror tells that his opinion is fixed and would require evidence to remove it, we cannot assume, in the face of his statement, that he has not *208 such opinion, merely because it does not appear to ns that there was a rational ground for such an opinion. Lowder v. The State, MS.; Miller v. The State, MS.
Again, the indictment charges that the defendant did “unlawfully, ■maliciously, and feloniously make an assault in and upon one Isaac Lomax, colored, with a knife and other weapons, the precise kind unknown to the jury; and then and there cut off the ear of him, the said Isaac Lomax, whereby he was maimed, etc.” Special exception was taken by a motion to qugsh, upon the ground that, although the assault is charged to have been made unlawfully, maliciously, and feloniously, yet it is not charged that he cut off the prosecutor’s ear unlawfully, maliciously, and felo-niously. If we apply the same strict rules of construction formerly applied in such cases, this indictment would be bad, both as a common law indictment and under the act of 1839, Oode 4606 [Shannon’s Code, sec. 6447]. And as the judgment must *be reversed upon the first ground, this objection may be met in a new indictment, as we would, perhaps, be constrained to hold the present indictment bad.
It is argued by the attorney-general that there should be no reversal, as the defendant’s guilt fully appears from the proof, and that his offense was of an aggravated character, and that this court only decrees for errors affecting the merits.
We cannot deny to the defendant a fair trial by an impartial jury, no matter how clear his guilt may appear to us. This trial, according to our understanding of the latw, he has not had, and the judgment must be reversed, and the cause remanded. But, it may not be improper to say, that upon the facts disclosed by the bill ef exceptions, we regret the necessity of reversing a judgment so amply sustained by the evidence,- and where the crime so greatly deserves punishment.